UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY BARGER,

    Plaintiff,

v.

DIRECTOR OF "OPS" OF CDCR,

    Defendant.

No. 2:15-cv-0049-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS[1]

Plaintiff Gary Barger is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, he has not demonstrated that he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Fisher v. McGee*, 2:13-cv-8137-UA-MAN (C.D. Cal.) (dismissed December 11, 2013 as barred by *Heck v. Humphrey*, 512 U.S. 477, (1994),[2] and for naming immune defendants); (2) *Barger v. FBI*, 1:13-cv-535-DLB, 2013 U.S. Dist. LEXIS 165823 (E.D. Cal.) (dismissed November 21, 2013 for failure to state a claim); (3) *Fisher v. FBI*, 1:13-CV-414-LJO-SAB, 2013 U.S. Dist. LEXIS 188330 (E.D. Cal.) (dismissed July 26, 2013 for failure to state a claim); and (4) *Fisher v. Bivens*, 2:14-cv-01439-UA-MAN (C.D. Cal.) (dismissed March 6, 2014 for failure to state a claim; also identifying plaintiff as a three-strikes litigant for purposes of § 1915(g)). *See also Barger v. Bakersfield Police Dep't*, 2015 U.S. Dist. LEXIS 29994 (E.D. Cal. Mar. 11, 2015) (order identifying plaintiff as a three-strikes litigant for purposes of § 1915(g)); *Barger v. Trust Office*, 2015 U.S. Dist. LEXIS 29239 (E.D. Cal. Mar. 10, 2015) (same).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

/////

---

[2] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Plaintiff alleges that he was attacked on November 27, that he was not fed while he was hospitalized for three weeks, that he was forced to take Risperdal, and that someone stole his evidence and paperwork. ECF No. 1. His allegations do not demonstrate that he faces some imminent danger of serious physical injury, either now or at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and he is not eligible to proceed *in forma pauperis*, this action must be dismissed.

Accordingly, it is hereby ORDERED that this action be randomly assigned to a United States District Judge.

Further, it is hereby RECOMMENDED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE